# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                    **CAUSE NO. 1:14CR75-LG-RHW-1**

**ELVIS ONEAL GRAY**

## ORDER DENYING DEFENDANT'S MOTION FOR
## <u>JUDGMENT OF ACQUITTAL AND MOTION FOR A NEW TRIAL</u>

**BEFORE THE COURT** are the Motion for Judgment of Acquittal [28] and

the Motion for a New Trial [29] filed by the defendant Elvis Oneal Gray.  The

Government has filed a response in opposition to the Motions, but the defendant

has not filed a reply and the time for doing so has expired.  After reviewing the

submissions of the parties, the record in this matter, and the applicable law, the

Court finds that the Motion for Judgment of Acquittal and the Motion for a New

Trial should be denied.

## BACKGROUND

Gray was charged with two counts of mail fraud and two counts of wire fraud

in connection with his lost earnings claim submitted to the Gulf Coast Claims

Facility following the Deepwater Horizon Oil Spill.  Gray had claimed that he

worked as a deckhand on an oyster boat and that his work was interrupted by the

oil spill.  Count 1 of the Indictment pertained to a wire transfer in the amount of

$31,000.00 that was sent on September 7, 2010.  Count 2 of the Indictment related

to a wire transfer in the amount of $5000.00 that was sent on March 14, 2011.

Count 3 of the Indictment concerned a Full Review Final Payment Claim Form sent

via United Parcel Service on January 14, 2011, and Count 4 pertained to a Quick Payment Final Claim Form sent via United Parcel Service on March 14, 2011. After a three-day trial, a jury found that Gray was not guilty as to Counts 1, 2, and 4. Gray was convicted as to Count 3.

## DISCUSSION

### I. Gray's Motion for a Judgment of Acquittal

Gray has filed a Motion for Judgment of Acquittal as to Count 3, arguing that the Government failed to present sufficient evidence that Gray acted with specific intent. (Def.'s Mot. at 1, ECF No. 28). While considering Gray's Motion, this Court must "view all evidence, whether circumstantial or direct, in the light most favorable to the government, with all reasonable inferences and credibility choices to be made in support of the jury's verdict." *United States v. Ford*, 558 F.3d 371, 375 (5th Cir. 2009). The jury's verdict should not be set aside unless this Court finds that the jury could not have found Gray guilty beyond a reasonable doubt. *Id.*

"A mail fraud conviction under 18 U.S.C. § 1341 requires sufficient proof that: '(1) the defendant devised or intended to devise a scheme to defraud, (2) the mails were used for the purpose of executing, or attempting to execute, the scheme, and (3) the falsehoods employed in the scheme were material.'" *United States v. Surtain*, 519 F. App'x 266, 284 (5th Cir. 2013) (quoting *United States v. Ratcliff*, 488 F.3d 639, 643-44 (5th Cir. 2007)). "A defendant 'acts with the intent to defraud when he acts knowingly with the specific intent to deceive for the purpose of causing pecuniary loss to another or bringing about some financial gain to himself.'"

-2-

*United States v. Umawa Oke Imo*, 739 F.3d 226, 236 (5th Cir. 2014) (quoting *United States v. Akpan*, 407 F.3d 360, 370 (5th Cir. 2005)).  Thus, the government was required to show that Gray "contemplated or intended some harm to the property rights" of the Gulf Coast Claims Facility.  *United States v. Weaver*, 527 F. App'x 323, 326 (5th Cir. 2013) (quoting *United States v. Leonard*, 61 F.3d 1181, 1187 (5th Cir. 1995)).  "A jury may infer intent to defraud from all the facts and circumstances surrounding the transaction in question."  *Id.* (citing *United States v. Aubrey*, 878 F.2d 825, 827 (5th Cir. 1989)).  The Government was not required to demonstrate that Gray "actually used the mail or even 'intended that the mails be used.'"  *See Umawa Oke Imo*, 739 F.3d at 236 (quoting *Akpan*, 407 F.3d at 370).  "Instead, the Government ha[d] to establish 'that the scheme depended for its success in some way upon the information and documents which passed through the mail.'"  *Id.*

The Government presented evidence that Gray signed a Full Review Final Payment Claim Form, certifying that he made $600 daily while working as a deckhand on an oyster boat, while in another claim form, he claimed that he earned $1200 weekly and suffered a total loss of $120,000.00 as a result of the oil spill.  The owner of the oyster boat at issue testified that deckhands were actually paid $600 to $800 per week.  Recordings of Gray's telephone calls to the Gulf Coast Claims Facility were also played for the jury.  In these calls, Gray asked for the status of his claim, stating that he needed the money to pay off his house.  Furthermore, Brandy Jarrell testified that she and several other individuals purchased the same

-3-

documentation that Gray submitted to the Gulf Coast Claims Facility from the oyster boat's former captain, David Bangs.  Jarrell testified that she witnessed an argument between Gray and Bangs over Gray's failure to pay Bangs for the documentation.  Finally, the Government offered evidence and testimony that Gray decided to accept a "quick" payment of $5000 in final settlement of his claim after he learned that he would be required to submit additional financial documentation to support his claim before he could receive full payment.  After considering all of this evidence and testimony, the jury could infer that Gray intended to deceive the Gulf Coast Claims Facility for the purpose of obtaining financial gain.  Gray's Motion for a Judgment of Acquittal must be denied.

## II.  Gray's Motion for a New Trial

In the alternative, Gray has filed a Motion for a New Trial as to Count 3 only pursuant to the cumulative error doctrine.  He asserts that this Court allowed hearsay "and other inadmissible evidence to be considered by the jury."  (Def.'s Mot. at 2, ECF No. 29).  Gray has not pointed to any specific rulings made by the Court in support of this argument.

A district court may "vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  However, motions for a new trial are generally "disfavored and must be reviewed with great caution."  *United States v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011).  A new trial should only be ordered if the verdict is against the weight of the evidence or to prevent a miscarriage of justice.  *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004).

"Under the cumulative error doctrine, relief may be obtained only when constitutional errors so fatally infect the trial that they violate the trial's fundamental fairness." *United States v. Fields*, 761 F.3d 443, 483 (5th Cir. 2014). "Where the district court does not commit an error, there can be no cumulative error." *Id.* Since Gray has not identified even a single error that was committed by this Court at trial, he is not entitled to a new trial pursuant to the cumulative error doctrine.

**CONCLUSION**

For the foregoing reasons, the Court finds that Gray's Motion for a Judgment of Acquittal and his Motion for a New Trial should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Judgment of Acquittal [28] and the Motion for a New Trial [29] filed by the defendant Elvis Oneal Gray are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 31st day of March, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE